NOTE: CHANGES MADE BY THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRINET GROUP, INC.; and TRINET HR CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>NICHOLAS KRANTZ; HR OUTSOURCING, INC.; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-6447-AB (GJSx)<br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION** |

Based on the Complaint on file herein; the *ex parte* application by plaintiffs TriNet Group, Inc. ("TriNet Group") and TriNet HR Corporation ("TriNet HR" and, collectively, "Plaintiffs") for Issuance of Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (the "Application") and all materials submitted therewith; the Court's order dated September 2, 2016 requiring Defendants to show cause why a preliminary injunction should not issue pending trial; the opposition and reply papers filed in connection therewith; and all parties having been given an opportunity to be heard before this Court on September 12, 2016; THE COURT FINDS AND ORDERS AS FOLLOWS:

1. Plaintiffs have demonstrated they are likely to succeed on the merits on their claims for misappropriation of trade secrets, pursuant to the Defend Trade Secrets Act of 2016, and violation of California's Unfair Competition Law against Defendants Nicholas Krantz.  TriNet HR also has demonstrated that it is likely to succeed on the merits of its claim for breach of contract against Mr. Krantz.

2. Plaintiffs are likely to suffer irreparable harm, including the loss of customers and damage to their goodwill, absent injunctive relief.

3. The balance of equities tips decidedly in Plaintiffs' favor.

4. The requested injunction would serve the public interest by upholding the important policy of protecting Plaintiffs' valuable trade secret information.

5. Accordingly, pursuant to Federal Rule of Civil Procedure 65(b), Civil Local Rule 65-1, 18 U.S.C. § 1836(b)(3), California Business and Professions Code section 17203, as well as applicable California and common law, Defendant Nicholas Krantz, and all persons acting under his direction, control, permission, or authority, and all persons acting in concert therewith, is hereby ENJOINED, during the pendency of this action, from:

   a. altering, destroying, or disposing of any evidence or other materials, in any form, relating to this action and the issues raised herein; or

   b. directly or indirectly accessing, using, disclosing, or making available to any person or entity other than Plaintiffs, any of Plaintiffs' confidential, proprietary, or trade secret documents, data or information, including but not limited to the files that Mr. Krantz sent himself from his TriNet email to account to his personal yahoo.com email account on June 14 and 15, 2016.

6. In addition, pursuant to 18 U.S.C. § 1836(b)(3)(A)(ii), Mr. Krantz, and all persons acting under his direction, control, permission, or authority, and all persons acting in concert therewith, shall:

   a. immediately return to Plaintiffs all copies in Mr. Krantz's possession, or the possession of anyone acting under their direction, control, permission, or authority, of any of Plaintiffs' confidential information, including but not limited to the files that Mr. Krantz sent himself from his TriNet email to account to his personal yahoo.com email account on June 14 and 15, 2016; and

   b. report to the Court within 30 days of issuance of this order regarding their efforts to comply with this order.

7. It is further ordered that Mr. Krantz will suffer no legally cognizable form of damages upon issuance of this injunction. Additionally, Mr. Krantz

///
///
///
///
///

1 | contractually waived any right to a bond.  Accordingly, pursuant to Federal Rule of
2 | Civil Procedure 65(c), Plaintiffs are not required to post a bond.

DATED: September 14, 2016

_____
THE HONORABLE ANDRE BIROTTE JR.
UNITED STATES DISTRICT JUDGE