IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRINET GROUP, INC.; and TRINET HR CORPORATION,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NICHOLAS KRANTZ; HR OUTSOURCING, INC.; and DOES 1-10,<br><br>    Defendants. | Case No. 2:16-cv-6447 AB (GJSx)<br><br>**DISCOVERY MATTER**<br><br>**FIRST AMENDED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

THE COURT, having considered the Stipulation of the parties to enter an order governing the confidentiality of materials discovered in this action, HEREBY ORDERS THAT:

1. **Good Cause Statement.** Plaintiffs have brought suit under, *inter alia*, the federal Defend Trade Secrets Act. 18 U.S.C. § 1835(a) provides in pertinent part that: "In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws."

This action is likely to involve claimed trade secrets, customer and pricing lists and other valuable commercial, financial, technical and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business information, information regarding confidential business practices, and other confidential commercial information (such as information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Specifically, the parties expect that in this action one or more parties may disclose customer lists for both current and prospective customers, with confidential customer information such as contact information, company revenue and size information, and employee payroll information; propriety sales training documents, including sales strategies; completed confidential sales presentations; and proprietary models and templates for generating price quotes for prospective customers.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     **Purposes and Limitations.**  Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  This Order Regarding Confidential Information ("Protective Order") governs the handling of all Material produced, given, or filed during discovery or other proceedings in this action, but shall not apply to the trial of this action (at which time the Court will make other orders, as appropriate, concerning this subject).

3.     **Acknowledgement of Procedure for Filing Under Seal.**  The parties further acknowledge that <u>this Stipulated Protective Order does not entitle them to file confidential information under seal</u>; Local Civil Rule 79-5 sets forth the

procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). A specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as HIGHLY CONFIDENTIAL or CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4.** **Definitions.**

    a. As a general guideline, Materials designated as "Confidential" shall be those things that may be disclosed to the Parties for purposes of this litigation, but which must be protected from disclosure to third parties. Absent a specific order from this Court, Materials designated as "Confidential" shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.

    b. As a further general guideline, Materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer, and that must be protected from disclosure. Absent a specific order from this Court, Materials designated as "Highly Confidential – Attorneys' Eyes Only" shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.

    c.    "Protected Material" means any type or classification of Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Producing Person and that contains trade secrets, future business plans, information regarding products not released or announced to the public, nonpublic proprietary product development information, customer lists, nonpublic financial information, nonpublic business operations information of a confidential nature, personnel information in an employee's confidential employment file, or information protected by the right to privacy.  A Producing Person may designate Material as "Highly Confidential – Attorneys' Eyes Only" only if the Producing Person believes in good faith the Material contains extremely sensitive Confidential Information, including but not limited to information which is commercial, pricing, cost, or marketing information relating to the Producing Person or the Producing Person's commercial products or planned commercial products, or technical and research information or that is extremely sensitive.  Publicly available information is not Protected Material.  The Parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as Protected Material any document or category of information that they in good faith believe is entitled to the designation even if it is not expressly mentioned in the definition above.

    d.    "Confidential Information" means any information contained in Protected Material, as defined above, and only the limited

portions of briefs, memoranda, exhibits, or testimony, or the limited portions of any other writing filed with the Court that mentions, discusses, or refers to any Protected Material.

e. "Material" means papers, documents, tapes, testimony, and other information produced, given, or filed during discovery or other proceedings in this action, including, but not limited to, answers to interrogatories, responses to requests for admissions, deposition testimony, information provided during any settlement discussions, and all copies, excerpts, summaries, and information derived from any such papers or documents.

f. "Person" means a natural person, firm, association, organization, partnership, business, public entity, or other person acting on behalf of such person; <u>and, notwithstanding any other provision in this Protective Order to the contrary, this Protective Order *only* binds those Persons who have agreed to be bound by it.</u>

g. "Party" or "Parties" means TriNet Group, Inc., TriNet HR Corporation, HR Outsourcing Holdings, Inc., Nicholas Krantz, or any other Person who is joined in this action as a party.

h. "Producing Person" means any Person, as defined above, producing or disclosing Material in this action.

i. "Receiving Party" means any Party that requests and receives Materials in this action through the discovery process.

5. **Designation of Protected Material.** A Producing Party may designate discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the following manner:

5. <u>Designation of Documents:</u>  Any document (defined herein as including, but not limited to:  exhibits, documents and things (including computer diskettes and other storage media) produced in response to discovery requests, interrogatory responses, responses to requests for admission, motions, briefs, memoranda, and copies of any of the foregoing) produced or given by any Producing Person during discovery, hearings, or trial in this case which sets forth or contains any Confidential Information may be so designated by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as applicable, on each page containing Confidential Information at the time such document is produced or provided, or as soon thereafter as the Producing Person becomes aware of the confidential nature of the document.

6. <u>Designation of Deposition Testimony:</u>  Deposition testimony may be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by oral designation on the record, or within ten days after the transcript of such deposition is mailed to the designating Person.  The designating Person shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as applicable, on each designated page of the transcript. Pending expiration of this ten-day period, all Parties shall treat all deposition testimony and exhibits as if they had been designated as "Highly Confidential – Attorney's Eyes Only."

1  7. <u>Treatment of Court-Filed Materials.</u>  A Party that intends to file
2  with the Court any information that another Party or non-party
3  has designated as "Confidential" or "Highly Confidential –
4  Attorneys' Eyes Only" shall comply with the sealing and
5  lodging requirements of the Court's Local Rules.  Further, if a
6  Party intends to file material designated "Highly Confidential –
7  Attorneys' Eyes Only" with the Court, such Party shall provide
8  notice to the Producing Person at least one hour prior to filing.
9  Where only a portion of the submission or filing contains
10  Confidential Information, only that portion shall be filed under
11  seal.  The parties shall keep in confidence all copies of such
12  Materials as provided in this Order.

13  6. **Treatment of Protected Material.**  Material designated "Highly
14  Confidential – Attorneys' Eyes Only" may not be disclosed except as set forth in
15  paragraph 7 below.  Material designated "Confidential" may not be disclosed
16  except as set forth in paragraph 6 below.  Protected Material shall be kept in secure
17  facilities, and access to those facilities shall be permitted only to those Persons
18  having proper access thereto under this Protective Order.  Protected Material shall
19  be used solely for the purposes of this litigation and shall not be used for any
20  business or other purpose.  The restrictions on use of Protected Material set forth in
21  this Order shall survive the conclusion of the litigation, and, after conclusion of this
22  litigation, the Court shall retain jurisdiction for the purpose of enforcing this
23  Protective Order.

24  **7. Material Designated "Highly Confidential – Attorneys' Eyes**
25  **Only."**  Unless otherwise ordered by the Court, Material designated "Highly
26  Confidential – Attorneys' Eyes Only" may be disclosed only to the following:
27  a. Counsel of record for any Party;
28

8
FIRST AMENDED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

b. Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above;

c. Personnel of copy service firms or attorney service firms retained by counsel listed in (a) above in connection with this action;

d. Designated in-house counsel of the Receiving Party who have no involvement in competitive decision-making, to whom disclosure is reasonably necessary for this litigation, and who have executed the Declaration attached hereto as Exhibit A;

e. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

f. Any independent consultant or expert, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Protective Order and agrees to be bound by its terms, and provided further that such Person first acknowledges the she/he does not have a business or competitive conflict with any Party. This acknowledgment shall be made by execution of the Declaration attached hereto as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Protected Material, and shall be provided to the opposing Party's counsel at the conclusion of this action, upon request; and

g. Any other Person to whom the Producing Person agrees in writing.

9
FIRST AMENDED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Nothing in this Order shall prohibit a Party, or Persons employed or formerly employed by or affiliated with such Party, from reviewing the Materials it designates as "Highly Confidential – Attorneys' Eyes Only," or from reviewing any Materials it has authored or on which it is identified as a recipient.

Documents designated "Highly Confidential – Attorneys' Eyes Only" shall not be shown to deponents unless: (1) the deponent is an expert or consultant testifying on behalf of a Party in this case; or (2) the deponent has previously read the document.

Except as otherwise specifically noted, all procedures in the remaining paragraphs of this Protective Order that govern the treatment of information designated as Confidential shall also govern the treatment of information designated as "Highly Confidential – Attorneys' Eyes Only." If a provision provides for different treatment of information designated as Confidential, then the "Highly Confidential – Attorneys' Eyes Only" information shall be entitled to the higher level of protection.

8. **Access to Material Designated "Confidential."** Material designated "Confidential" may be disclosed to any Person listed in paragraph 6 and, in addition, may be disclosed to a Party; any officer, director, employee, or former employee of a Party; or to any officer, director, employee, or former employee of a parent, subsidiary, or affiliate of a Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such Person agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Protective Order by execution of the Declaration attached hereto as Exhibit A.

9. **Examination of Third Party Witnesses.** Any Person may be examined as a witness during a deposition concerning any Protected Material that appears on its face or from other documents or testimony to have been received or

authored by that Person. During examination, an examining Party may show such a witness such Protected Material. If a Party wishes to examine a witness during a deposition concerning any Protected Material of another Person, and the witness has not previously received, authored, or otherwise had lawful access to such Protected Material, the examining Party shall first obtain the consent of the Producing Person who designated the Material, or their attorneys, if any, and shall require the witness to agree to maintain the confidentiality of the Protected Material in accordance with the terms of this Protective Order by execution of the Declaration attached hereto as Exhibit A.

10. **Challenging Confidentiality Designations.** By entering into this Protective Order, no Party concedes that any Material designated as Protected Material has been properly so designated. Should any Party object to any confidentiality designation, the objecting Party shall provide written notice of the basis for such objection to the Producing Party and shall attempt in good faith to resolve the objection informally with the Producing Party as soon as practicable. If the objection cannot be informally resolved within a reasonable time, the objecting Party may move for an order determining whether the Materials are properly designated, pursuant to Local Rule 37-1, et seq. Until a motion is filed and resolved by the Court, all such Materials shall be treated as Protected Materials. The foregoing is without prejudice to the right of any Person to apply to the Court for modification of this Protective Order or for a further protective order relating to Confidential Information.

11. **Confidentiality Obligations to Third Parties.** In the event that information in the possession or control of a Person from whom discovery is sought involves the confidentiality rights of a non-party or if its disclosure would violate a Protective Order issued in another action, the Person with possession or control of the information will attempt to obtain the consent of the non-party to

disclose the information subject to the terms of this Protective Order.  If the consent of the non-party cannot be obtained, the Person will notify the Party seeking discovery of:  (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party in and of itself does not violate any confidentiality obligation).  The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

12. **Inadvertent Disclosure of Confidential Information.**  Inadvertent failure to designate as Protected Material any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such designation is asserted promptly following discovery of the inadvertent failure.  At such time, arrangements shall be made for the Producing Party to appropriately mark the information in accordance with this Order.

13. **Inadvertent Disclosure of Privileged Information**.  The production or making available for inspection of Material without an express written notice of intent to waive the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery, so long as the Producing Person informs the Receiving Party of the identity of the Materials the Producing Person contends are privileged, reasonably promptly after the Producing Person becomes aware of the specific Materials that were allegedly inadvertently produced.  If the Receiving Party becomes aware of specific Materials that it believes may be subject to a claim of privilege by the Producing Person, the Receiving Party shall timely notify the Producing Person of these specific Materials.  Upon being made aware of these Materials, the Producing Person shall timely designate any such Materials as within the attorney-client privilege or work product immunity or any other applicable

privilege or immunity and request return of such Materials to the Producing Person.  Upon request by the Producing Person, the Receiving Party shall immediately return all copies of such inadvertently produced Materials, and shall otherwise comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but any such challenge shall not assert as a basis the fact or circumstances of the inadvertent production.  If a claim is disputed, the Receiving Party shall not use or disclose Materials for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court.  This Order constitutes a party agreement within the meaning of Federal Rule of Evidence 502(e), and upon adoption by the Court a court order within the meaning of Federal Rule of Evidence 502(d), and thus supersedes any inconsistent provisions of Federal Rule of Evidence 502(b).

14. **Conclusion of Action.**  This Protective Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this action, including any appeals.  At the conclusion of this action, including appeals, counsel for each Party shall either return to the Producing Person or destroy all Protected Materials, and shall designate in writing that all such Materials have in fact been returned or destroyed.  Notwithstanding the foregoing, counsel for the Parties need not return or destroy any Protected Material that becomes a part of the Court record in this action, by use as a trial exhibit, inclusion in a court filing, inclusion in any record on appeal, or otherwise.

15. **Inadmissibility.**  This Protective Order, the fact of its adoption or entry, and any provision of this Protective Order or attached form shall not be

1  admissible for any purpose of this litigation, except to the extent necessary to
2  enforce its terms.  In any such enforcement proceeding, the prevailing Party shall
3  recover its reasonable attorneys' fees and expenses in maintaining such proceeding.
4      16.    **Reservation of Objections to Production.**  Nothing in this Protective
5  Order shall be construed as an agreement to produce any Material, or as a waiver of
6  any objections to the production of that Material.
7      17.    **Miscellaneous.**  Nothing in this Protective Order shall preclude any
8  party from making any claim of privilege as to any information requested by
9  another Party.  Failure to designate Material as Protected Material shall not
10 constitute a waiver of any other claim of privilege.

12     IT IS SO ORDERED.

15 DATED:  November 14, 2016

16                       GAIL J. STANDISH
                         UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRINET GROUP, INC.; and<br>TRINET HR CORPORATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>NICHOLAS KRANTZ;<br>HR OUTSOURCING, INC.; and<br>DOES 1-10,<br><br>    Defendants. | Case No. 2:16-cv-6447 AB (GJSx)<br><br>**DECLARATION REGARDING**<br>**CONFIDENTIAL INFORMATION** |

    I, _____, declare as follows:

    1.    My address is:

    _____.

    2.    I have received a copy of the First Amended Protective Order Regarding Confidential Information ("Protective Order") entered by the United States District Court in this lawsuit.

    3.    I have carefully read and I know the contents of the Protective Order, and I agree to be bound by it. I specifically understand and agree that I shall not use or disclose, in public or private, any Protected Materials or Confidential Information or information derived therefrom without the prior written consent of the

DECLARATION REGARDING CONFIDENTIAL INFORMATION

designating Party or as otherwise set forth in the Protective Order or permitted or required by an order of the Court. I agree that I will not keep any designating Party's originals or copies of any Materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for any purpose, unless such Materials were in my possession prior to the commencement of this litigation.

4. I further confirm that I am not aware of any business or competitive conflict of interest that exists between me and any Party, other than any conflict that may be deemed to exist because of my position as a Party employee or potential witness in this case. I further confirm that I will not disclose to any third parties any part of the Confidential Information that may be provided to me in this action, including summaries or abstracts of such information.

5. I am not involved in the decision-making process of a business competitor of any Party to this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Name: _____

Date: _____